UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM HELMS, et al.,                                          Case No. 1:11-cv-410

                Plaintiffs,                                Bowman, M.J.
   v.

NATIONWIDE INSURANCE
COMPANY OF AMERICA, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This litigation stems from an automobile accident; the matter is before this Court on the basis of diversity jurisdiction. Pursuant to 28 U.S.C. §636(c), the parties have consented to final disposition before the undersigned magistrate judge. (Doc. 7). Currently pending is Plaintiffs' motion for partial summary judgment. (Doc. 45). For the reasons that follow, that motion will be denied.

**I. Background**

On February 23, 2010, Plaintiff William Helms was involved in an automobile accident in Hamilton County, Ohio, which he alleges caused serious injuries.[1] Co-Plaintiff Gail Helms claims damages resulting from the loss of her husband's companionship. (Doc. 3).

Plaintiffs allege that the accident was caused solely by the negligence of another driver, Joshua Sanders, who was insured by Progressive Casualty Insurance Company

---
[1] Nationwide disputes that Plaintiffs' injuries were proximately caused by the accident.

("Progressive"). However, rather than filing suit against Sanders and/or Progressive, Plaintiffs initiated suit in state court against their own insurer, Defendant Nationwide Insurance Company of America ("Nationwide"), for breach of contract and bad faith concerning payment under their UIM policy. On June 23, 2011, Nationwide removed the litigation to this Court. On February 21, 2012, Plaintiffs filed a third amended complaint,[2] adding Sanders as an additional defendant.

There is no dispute that Sanders was engaged in making a U-turn, and had not employed his turn signal, when his vehicle collided with the vehicle driven by Mr. Helms. Sanders admits he was negligent in the operation of his vehicle, but has pleaded comparative negligence by Helms. The Hamilton County Sheriff's Office responded to the accident, but did not cite either Sanders or Helms for any violations of state law.

Following completion of discovery, Plaintiffs moved for partial summary judgment, seeking a ruling as a matter of law that Defendant Sanders is <u>solely</u> liable for the negligence that led to the automobile accident at issue. Both Nationwide and Sanders have filed responses in opposition to Plaintiffs' motion, to which Plaintiffs have filed no reply.

**II. Analysis**

**A. Summary Judgment Standard**

In considering a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007)(internal quotation marks and additional citations omitted). "Summary judgment is

---

[2] Plaintiffs' first and second amended complaints were stricken from the record. (Doc. 21).

only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c), internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the nonmoving party, however, does not mean that the court must find a factual dispute where record evidence contradicts wholly unsupported allegations. "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir.1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986). The non-moving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (emphasis added).

Although reasonable inferences must be drawn in favor of the opposing party, inferences are not to be drawn out of thin air. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

3

(additional citation omitted).

As explained herein, genuine issues of material fact remain in this case concerning whether Joshua Sanders was solely, or only partially, negligent. Therefore, Plaintiffs' motion for partial summary judgment must be denied.

### B. Plaintiffs' Motion

Unfortunately, Plaintiffs did not fully comply with the Civil Trial Procedures of the undersigned magistrate judge by attaching to their motion a statement of "Proposed Undisputed Facts." In addition to requiring the referenced statement, the Court requires undisputed facts to be supported by specific citation to an affidavit, deposition, or other admissible evidence. While Plaintiffs have attached some supporting evidence to their motion, the Defendants' responses (and corresponding documents entitled "Disputed Issues of Material Fact), make clear that genuine issues of material fact preclude summary judgment.

In support of their motion, Plaintiffs begin by arguing that Sanders committed negligence *per se*, by violating three separate Ohio statutes. First, Plaintiffs contend that Sanders violated ORC §4511.33, which requires a driver to remain "as nearly as is practicable, entirely within a single lane" and not to change lanes "until the driver has first ascertained that such movement can be made with safety." Second, Plaintiffs assert that Sanders violated O.R.C. §4511.25, by failing to stay in the "right half of the roadway" except under specified conditions, including when making a left turn. Third, Plaintiffs argue that Sanders violated O.R.C. §4511.39, which prohibits a driver from turning or moving his vehicle "unless and until such person has exercised due care to

4

ascertain that the movement can be made with reasonable safety," and prohibits turns "without giving an appropriate signal."

Plaintiffs next urge this Court to find that Mr. Helms was not contributorily negligent as a matter of law. The Ohio Supreme Court has stated that "[i]ssues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 646, 597 N.E.2d 504 (Ohio 1992)(additional citations omitted). Plaintiffs admit that O.R.C. §4511.34 requires a driver to operate his motor vehicle with an "assured clear distance ahead," and "having due regard for the speed of such vehicle…and the traffic upon and the condition of the highway." However, Plaintiffs maintain that Helms was legally excused from any possible violation of O.R.C. §4511.34, based upon their view that Sanders' vehicle suddenly and abruptly turned into Mr. Helms' path of travel.

Nationwide points out in response to the motion for summary judgment that quite of few facts about the accident remain in dispute. For example, Nationwide points to variations in Mr. Helms' multiple accounts of the accident, some of which relate to whether Sanders' vehicle was beside Helms, behind Helms, or in front of Helms, just prior to the accident. (See Doc. 47-2 at 6; compare Doc. 49 at 20-21, 97). As Sanders explains in his response in opposition, some of the evidence suggests that Helms was following Sanders when Sanders commenced his U-turn. Other evidence suggests that Sanders came up from behind Helms, passed him on the shoulder to the right, and then commenced his U-turn to the left.

5

Nationwide points to these discrepancies and additional evidence through which a jury could infer that Helms violated O.R.C. §4511.34 by failing to maintain a safe distance, and that Helms should have seen Sanders in time to avoid the accident. Nationwide also notes that Sanders, while admitting that he did not use his turn signal, testified that he did check his mirrors and blind spot, and determined that he could turn safely prior to attempting the U-turn. Last, Nationwide cites to deposition testimony that suggests that Mr. Helms himself pulled out of a gas station parking lot just before the accident. (*See* Doc. 49 at 20).

Viewed as a whole, the evidence presents issues of fact and of law as to Sanders' underlying negligence *vis a vis* the possible negligence of Helms. Only the fact that Sanders failed to use his turn signal is undisputed. While the failure to use a turn signal is a *per se* violation of O.R.C. §4511.39 (requiring "an appropriate signal" prior to turning), Plaintiffs have not conclusively proven that Sanders violated either of the other two statutes on which they rely. Both statutes contain language permitting exceptions to maintaining one's lane, including when making a left turn, and when the driver has "ascertained that such movement [moving from the lane] can be made with safety." *See* O.R.C. §§4511.33(A)(1), 4511.25. The evidence cited by Nationwide and Sanders presents issues of fact concerning whether Sanders' operation of his vehicle fell within those exceptions.

Moreover, notwithstanding the Court's conclusion that Sanders violated O.R.C. §4511.39, that violation alone "is not a finding of liability per se because the plaintiff will also have to prove proximate cause and damages." *Leizerman v. Kanous*, 910 N.E.2d 26, 28 (2009)(additional citations omitted). In order to establish proximate cause, a

plaintiff must demonstrate that the accident was a foreseeable consequence of the alleged negligence. *See Shinaver v. Szymanski*, 471 N.E.2d 477 (Ohio 1984)(denying summary judgment where both drivers were negligent per se based upon statutory violations, but questions remained regarding proximate cause). Resolution of the question of whether a party's negligence proximately caused an accident ordinarily is a question of fact. *Id.* ; *see also Keister v. Park Centre Lanes*, 2 Ohio App.3d 19, 443 N.E.2d 532, 538 (Ohio Ct. App. 1981).

Construing all of the facts in favor of Nationwide and Sanders, as is required on summary judgment, a fact-finder could conclude that Sanders' failure to use his turn signal while executing a U-turn was not the sole or even the primary cause of the accident. At the same time, the evidence presented is not so one-sided that this Court can determine whether or not Plaintiff Helms was contributorily negligent in the operation of his vehicle, by failing to maintain an assured clear distance given road conditions[3] and the relative positions of the parties' vehicles. The only conclusion this Court can reach is that disputed issues of fact and of law remain concerning whether Sanders' single, uncontested violation of O.R.C. §4511.39 was the <u>sole</u> proximate cause of the accident.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT** Plaintiffs' motion for partial summary judgment (Doc. 45) be **DENIED**.

---

[3] There is some evidence that the road was wet, a condition that impacts the safe distance required between vehicles.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge